## Ring *v.* The State.

There being by law no limit to the length of the terms of the superior court of Bibb county, except that each of its regular and adjourned terms must be adjourned at least five days before the commencement of the next ensuing regular term, where it appeared that an indictment was returned in that court at its November term, 1894, which charged the commission of an offense on the 20th day of February, 1895, although the date of the filing of the indictment was not shown, the presumption was that the court was legally in session and that the indictment was found after the date last mentioned, there being nothing in the record showing that the court had in fact been previously adjourned for the term.

May 13, 1895.

Indictment for assault and battery. Before Judge Ross. City court of Macon. March term, 1895.

Dessau & Hodges, for plaintiff in error.

W. H. Felton, Jr., solicitor-general, *contra*.

Lumpkin, Justice.

The act of October 22, 1887, provided that the sessions of the superior court of Bibb county should commence on the first Mondays in May and November, and continue from week to week so long as the presiding judge should deem necessary. By the act of November 11, 1889, the time for beginning the spring term of that court was changed to the third Monday in April. The act of September 21, 1887, made it the duty of all the judges of the superior and city courts in this State to adjourn each regular and adjourned term of the same at least five days before the commencement of the next regular term thereof. It will thus be seen that there

was no legal limit to the length of the terms of the superior court of Bibb county, except that provided for in the act last mentioned. It follows that the November term, 1894, of that court could have been lawfully in session after the 20th day of February, 1895.

The accused in the present case was put on trial in the city court of Macon, upon an indictment which had been transferred from the superior court of Bibb county, in which it was alleged that the offense in question was committed on the day last named. It appeared that the indictment was found by the grand jury at the November term, 1894, of Bibb superior court, but there was nothing to show upon what day it was filed in the clerk's office of that court. The accused demurred to the indictment, on the ground that it did not affirmatively show that the offense was committed on a day previous to the finding of the indictment.

The objection to the indictment is somewhat plausible, but upon careful examination we do not think it is really meritorious. Of course the grand jury, while in session at a time prior to the 20th day of February, 1895, could by carelessness or inadvertence have laid the commission of an offense on that day; and undoubtedly instances of this kind have occurred, though they are at most only rare exceptions to the general rule that an intelligent body of men, in naming a day upon which an offense was committed, will designate some day already passed, and not one yet to arrive. There is nothing in the record to show that the superior court of Bibb county was not in fact in session after the 20th day of February, 1895; and as the grand jury in the indictment alleged that the accused *did* on that day commit the offense in question, thus referring to an event already passed, it requires, we think, no strain to presume that the court was in session, and that the indictment was found after the date last mentioned.

. If it affirmatively appeared on the face of the indictment that the offense could not possibly have been committed on the day alleged therein, a demurrer based on this ground would undoubtedly been good. .This indictment, however, has no such infirmity; and with the aid of the presumption above mentioned, which we think a proper one to invoke, there is no difficulty in sustaining the indictment as one legally returned and charging the commission of the alleged offense on a day in the past.                         *Judgment affirmed.*